UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAVOKHIR RAJABOV,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

,_____/

Case No. 1:26-cv-777

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner and grant any further relief the Court deems just and proper. (Pet., ECF No. 1, PageID.8.)

In an order entered on March 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 16, 2026, (ECF No. 5), and Petitioner filed his reply on March 18, 2026, (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Uzbekistan who entered the United States in 2019, as an asylum seeker with his family. (Pet., ECF No. 1, PageID.3, 4.) On October 30, 2025, ICE arrested Petitioner while he was working as a truck driver. (*Id.*, PageID.5.)

On January 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Rajabov v. Raycraft* (*Rajabov I*), No. 1:26-cv-164 (W.D. Mich.). In *Rajabov I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Rajabov I*, (W.D. Mich. February 5, 2026), (ECF Nos. 7, 8.).

On February 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.5; Order of the Immigration Judge, ECF No. 1-4, PageID.18.) On that same day, the immigration judge issued an order denying bond. (Order of the Immigration Judge, ECF No. 1-4, PageID.18.) The Order of the Immigration Judge specifically states:

> R[espondent] failed to show he is not a flight risk. Respondent is a recent entrant, his wife and children have left the United States, and Respondent has limited ties to this country.

(*Id.*)

## III.    Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition because of Petitioner's failure to exhaust his administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court

will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the Department of Homeland Security as a Respondent.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before a

3

neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will dismiss the Department of Homeland Security as a Respondent in this matter.

Dated:    April 16, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge